## HILLSBOROUGH, OCTOBER TERM, 1825.

### THE TOWN OF MASON *vs.* THE TOWN OF ALEXANDRIA.

Previously to the statute of January 1, 1796, when an old town was divided, and a new town formed from part of its territory, all the inhabitants of the old town, having a settlement there and residing within the limits of the new town when incorporated, gained a settlement in the new town, and this statute was, in this respect, only an affirmance of the law as it stood before this time.

Assumpsit for the support of *Ebenezer Williams* and wife, paupers, alleged to have their settlement in the town of Alexandria.

The cause was tried here, upon the general issue, at April term, 1825, when it appeared in evidence, that *E. Williams* removed to Alexandria in the year 1784, and resided there until the year 1795, when the town of Alexandria was divided, and that part of the town, in which he then resided, was incorporated as a town, by the name of *Danbury*. A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the question, whether *Williams* became settled in Danbury by virtue of the act of incorporation ; and it was agreed, that, if the court should be of opinion, that he thus became settled in Danbury, the verdict should be set aside and the plaintiff become nonsuit ; otherwise judgment to be rendered on the verdict.

*B. M. Farley,* for the plaintiff.

*E. Parker,* for the defendant.

*By the court.* It appears from the case stated, that *E. Williams* removed to the town of Alexandria in 1784, and resided there from that time until the year 1795 ; and it does not appear, that he was ever warned to depart from that town. He must then be considered as settled in Alex-

<div style="float:left">Mason<br>vs.<br>Alexandria.</div>

andria in the year 1795, when Danbury was incorporated ; and the question is, whether he became settled in Danbury by virtue of the act of incorporation.   Had Danbury been incorporated since the statute of January 1, 1796, and the pauper being settled in Alexandria had resided within the limits of Danbury, when incorporated, he would have gained a settlement in Danbury under that statute.   And we are of opinion, that previous to the passage of that statute, when an old town was divided, and a new town formed from part of its territory, all the inhabitants of the old town having a settlement there and residing within the limits of the new town, when incorporated, gained a settlement in the new town by virtue of the incorporation.   It seems to us, that it never could have been deemed reasonable to take from an old town a portion of its territory and inhabitants and make a new town, and still leave the residue of the old town liable to support all the inhabitants of both towns, who were settled in the old town when the new town was incorporated. We are therefore of opinion, that the statute of January 1, 1796, was, in this respect, only an affirmance of the law as it was before that time.   7 *Mass. Rep.* 156, *Groton vs. Shirley.*—4 *ditto* 486, *West-Springfield vs. Granville.*—10 *ditto* 341, *Westport vs. Dartmouth.*—6 *ditto* 445.—1 *N. H. Laws* 363.

There must therefore be

*Judgment for the defendant.*